NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30621
19-OCT-2012
09:42 AM

NO. 29897 AND 30621

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 29897

ELIZABETH ANN AMBROSE-BERG, Plaintiff-Appellee, v.
NORMAN CHRISTIAN BERG, Defendant-Appellant

AND

NO. 30621

ELIZABETH ANN AMBROSE-BERG, Plaintiff-Appellee, v.
NORMAN CHRISTIAN BERG, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 06-1-0217)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

In appellate case number 29897, Defendant-Appellant
Norman Christian Berg ("Norman") appeals from the May 12, 2009,
Divorce Decree ("Decree")[1]/ entered in the Family Court of the

---

[1]/    Norman also challenges the July 1, 2008 Order Denying Defendant's
Motion for Attorney's Fees and Court Costs Against William Rodsil, Esq. for
Signing and Filing Plaintiff's Motion for Partial Summary Judgment Filed on
November 30, 2007 ("July 1, 2008 Order"); March 11, 2009 Memorandum; May 12,
2009 Order Granting in Part Defendant's Motion to Reconsider, Alter or Amend
Memorandum Decision Filed on March 11, 2009; and May 12, 2009 Amended
Memorandum.

        The July 1, 2008 Order is an interlocutory order that is properly
reviewed on appeal from the divorce decree. *See, State v. Adam*, 97 Hawai'i
475, 482, 40 P.3d 877, 884 (2002) (citations omitted). Notwithstanding that
the referenced memoranda appear to be signed by the judge and are part of the
record of these proceedings pursuant to Rule 4 of the Hawaii Court Record
Rules, they do not appear to be orders of the court. Instead, these memoranda
appear to be in the nature of minutes or correspondence to counsel to inform
the parties of the court's decision on matters taken under advisement by the
court and to direct counsel in the preparation of the form of the order or
decree to be submitted to the court for its review and possible entry. Thus,
we consider these memoranda and any order amending such memoranda in this
context.

Third Circuit ("Family Court").[2/]  In appellate case number 30621, Norman appeals from the Family Court's June 16, 2010 Order Denying Defendant's Motion for Approval of Surety Bond and Stay Pending Appeal Filed January 13, 2010, and Deferring Plaintiff's Motion and Declaration for Order to Show Cause for Relief after Order or Decree Filed February 11, 2010 ("June 16, 2010 Order"). On January 13, 2011, the two cases were consolidated for disposition under appellate case number 29897.

On appeal, Norman alleges that the Family Court erred by: (1) not sanctioning Plaintiff-Appellee Elizabeth Ann Ambrose-Berg's ("Elizabeth") counsel under Hawaiʻi Family Court Rules ("HFCR") Rule 89 and HFCR Rule 11 for signing a motion for partial summary judgment ("November 30, 2007 Motion") that incorporated inadmissible evidence; (2) finding that Norman had entered into a stipulation that he would be solely responsible for the repayment of a home equity line of credit ("Countrywide HELC") secured by one of the parties' properties; (3) not resolving all of the money obtained by Norman from his mother ("Carmen") as a loan or gift subject to division between the parties; (4) allowing Elizabeth's psychiatrist ("Dr. Lee") to testify and introduce records into evidence when the records were not disclosed to Norman in a timely manner; (5) entering a provision in the June 16, 2010 Order that was inconsistent with the oral ruling made by the Family Court on May 21, 2010; (6) entering two Findings of Fact ("FOFs") and two Conclusions of Law ("COLs") that "do not reflect [Norman's] compliance with the oral ruling made by [the Family Court] on May 21, 2010"; and (7) entering the Third Interim Judgement Regarding Attorney's Fees and Costs ("Third Interim Judgment").

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Norman's points of error as follows.

We begin by addressing Norman's points of error in appellate case number 29897:

---

[2/]    The Honorable Lloyd Van de Car presided.

(1) "We review the grant or denial of . . . sanctions for abusive litigation practices under the abuse of discretion standard." *Lester v. Rapp*, 85 Hawai'i 238, 241, 942 P.2d 502, 505 (1997).

Elizabeth's November 30, 2007 Motion sought to resolve the legal question of whether, in dividing the couple's property, Norman's Category 1 property was to be subtracted first with the remainder to be divided (Norman's position), or whether Norman's Category 2 property was to be subtracted first with the remainder to be divided (Elizabeth's position).[3] In her motion, Elizabeth utilized marital property values and calculations offered by Norman in an earlier confidential settlement communication to illustrate the two positions.

In denying Norman's subsequent motion for attorneys' fees under HFCR Rule 11 and Rule 89, the Family Court issued the following relevant FOFs and COLs on July 24, 2009:

### Findings of Fact

. . . .

24. At the hearing on the motion, the Court informed the parties that it agreed with Defendant that *Helbush* supported Defendant's position regarding Category 1 credits and would base its ruling denying the motion on those substantive grounds if Plaintiff desired, but otherwise would deny the motion on the procedural grounds involving admissible evidence. Plaintiff did not request a substantive ruling and the motion was denied on the procedural grounds;

. . . .

26. Based on *Helbush*, Plaintiff's motion for partial summary judgment would have been denied even if supported by admissible evidence, so Plaintiff's use of the settlement materials in the motion did not cause Defendant to incur fees and costs he would not have otherwise incurred;

. . . .

### Conclusions of Law

. . . .

9. When use of inadmissible evidence in support of a motion for summary judgment does not cause the party opposing the motion to needlessly incur fees and costs, the use of that evidence is not sanctionable.

_____

[3] Elizabeth framed her motion as a request "to resolve a legal question based upon facts undisputed for purposes of this Motion."

As part of his appeal of this issue, Norman challenges FOF 26 and COL 9.

FOF 26 is not clearly erroneous in that it merely reflects the Family Court's explanation that if it had reached the merits of Elizabeth's motion for partial summary judgment (as it said it could have in FOF 24, which is unchallenged), it would have denied the motion under *Helbush*. Consequently, FOF 26 correctly observes that "Plaintiff's use of the settlement materials in the motion did not cause Defendant to incur fees and costs he would not have otherwise incurred."

COL 9, however, goes too far. If the Family Court concluded that counsel's use of the settlement materials violated HFCR Rule 11, then the court must impose sanctions (including, possibly, attorneys' fees). *See* Haw. Fam. Ct. R. 11 ("[T]he court . . . shall impose . . . an appropriate sanction, which may include an order to pay . . . the reasonable expenses incurred because of the filing . . . , including a reasonable attorney's fee."); *cf. Lepere v. United Pub. Workers, Local 646, AFL-CIO*, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995) ("Having determined that Lepere violated HRCP Rule 11, the circuit court has no choice but to sanction Lepere . . . ."). The record does not indicate that the Family Court determined whether Elizabeth's incorporation of data from the confidential settlement communication constituted an HFCR Rule 11 violation. Consequently, we vacate COL 9 and remand for adoption of FOF and COL related to whether an HFCR Rule 11 violation occurred and whether, in light of that, any sanctions are appropriate.

(2) The Family Court erred in finding that Norman had stipulated to be solely responsible for the repayment of the entire Countrywide HELC (FOF 11) and incorporating that finding in its subsequent conclusion (COL 6).

Neither the Family Court in the Decree nor the parties in their briefs refer us to anywhere in the record where the alleged stipulation occurred. While there exists sufficient evidence to support a finding that Norman stipulated to being solely responsible for the repayment of the portion of the Countrywide HELC that he drew down in excess of the monthly

4

allowances explicitly permitted by the Family Court, the Family Court's determination that Norman had agreed to be responsible for the entirety of the Countrywide HELC is unsupported by the record. Since the Family Court appears to base its calculation of the parties' Category 5 assets and debts, in part, on its finding that "Defendant has agreed to pay [the Countrywide HELC] in its entirety," we vacate FOFs 11, 13, and 14, and COL 6 of the July 24, 2009 Findings of Fact and Conclusions of Law, and section 4 of the Decree, which relates to the division of property, and remand for further determination of the proper treatment of the liability associated with the Countrywide HELC.

(3) The Family Court did not fail to allocate the liability associated with the various sums of money received by Norman from Carmen. Norman bases his contention on the fact that there was testimony that Carmen had loaned him $60,000, but that the Family Court "noted that the loan was only $6,000." Although the Family Court was less than perfectly clear in its treatment of the various loans from Carmen, we find substantial evidence to support the Family Court's FOF that recognized that $6,000 was owed to Carmen from the parties' marital estate.[4/] The Family Court's FOF 10, therefore, is not clearly erroneous.

(4) A trial court's decision to exclude or to refuse to exclude evidence as a discovery sanction is reviewed for abuse of discretion. *See Stender v. Vincent*, 92 Hawai'i 355, 362, 992 P.3d 50, 57 (2000). "[T]he trial court has a broad spectrum of

---

[4/] The record reflects four loans from Carmen: a $15,000 loan incurred in 1982 ("Loan 1"); a $15,000 loan incurred in 2004 ("Loan 2"); a $20,000 loan incurred for the repairs of the parties' Pu'u'eo house ("Loan 3"); and the aforementioned $60,000 loan made one week before trial to cover attorneys' fees ("Loan 4"). Presumably, the Family Court discounted Loans 1, 3, and 4 because Loan 1 was incurred prior to the parties' marriage, Loan 3 was incurred solely by Norman without the expectation that Elizabeth would be jointly liable for the repayment, and Loan 4 was not identified as a marital debt.

Loan 2, on the other hand, was incurred in 2004 by the parties to purchase real property in Hilo. Norman testified that he had made $500 – $1,000 monthly payments to Carmen to repay the money that he owed her. A summary of the amounts paid by Norman to Carmen was received into evidence as Exhibit 26A at the January 2, 2009 trial. The total documented amount paid to Carmen was $9,000. At trial, Norman admitted that Exhibit 26A correctly reflected the amounts that he actually paid to Carmen for repayment of her loan. The original Loan 2 was for $15,000 and Norman repaid $9,000, leaving a balance of $6,000 owed to Carmen from the marital estate.

sanctions to impose [for discovery violations], although *the sanction chosen must be commensurate with the offense."* Weinberg *v. Dickson-Weinberg*, 123 Hawai'i 68, 75, 229 P.3d 1133, 1140 (2010) (quoting *Weinberg v. Dickson-Weinberg*, 121 Hawai'i 401, 437, 220 P.3d 264, 300 (App. 2009)).

The Family Court's decision to not sanction Elizabeth by refusing to admit Dr. Lee's records, but, instead, to offer Norman a continuance of the trial, appears "commensurate with the offense" under the circumstances. Consequently, we find no abuse of discretion.

Having addressed Norman's points of error in appellate case number 29897, we proceed to consider his points of error in appellate case number 30621:

(5-7) Norman's remaining points of error all relate to the portion of the June 16, 2010 Order that adjudicated part, but not all, of Elizabeth's February 11, 2010 post-judgment Motion and Declaration for Order to Show Cause for Relief After Order or Decree ("February 11, 2010 Motion").[5] With regard to that portion, the June 16, 2010 Order directed Norman to rescind certain deeds of trust, ordered Norman to comply with an October 1, 2009 order within thirty days by using his best efforts to liquidate a particular piece of real property, and awarded attorneys' fees and costs (in an amount to be specified at a later date) to Elizabeth. The June 16, 2010 Order stated explicitly that the Family Court was not yet finished adjudicating all of Elizabeth's February 11, 2010 Motion:

> Plaintiff's Motion and Declaration For Order to Show Cause For Relief After Order or Decree filed February 11, 2010[,] is deferred until moved upon. Sanctions, if any, shall be measured not only by Defendant's conduct, but the consequences to Plaintiff. Plaintiff and/or Defendant may conduct discovery on the issue of sanctions.

This court lacks appellate jurisdiction to review the portion of the June 16, 2010 Order that partially adjudicated Elizabeth's February 11, 2010 Motion because that portion of the order does not qualify as an appealable final post-judgment

---

[5] The other portion of the June 16, 2010 Order expressly denied in its entirety Norman's January 13, 2010 post-judgment HFCR Rule 62 motion to stay execution of the May 12, 2009 Decree.

order. In appeals from family court divorce matters, we have acknowledged that "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." *Hall v. Hall*, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001), *vacated in part on other grounds*, 95 Hawai'i 318, 22 P.3d 965 (2001). "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." *Ditto v. McCurdy*, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). On the other hand, however, "an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." *Cho v. State*, 115 Hawai'i 373, 383, 168 P.3d 17, 27 (2007) (quoting *Bocalbos v. Kapiolani Med. Ctr. for Women & Children*, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999)) (internal quotation marks omitted).

At the time that Norman filed his July 14, 2010 notice of appeal in appellate case number 30621, the Family Court had neither announced nor entered the last of the series of orders that the court evidently intended to utilize to finally determine and end the post-judgment proceeding for Elizabeth's February 11, 2010 Motion.[6] Therefore, to the extent that the June 16, 2010 Order partially but not fully adjudicated Elizabeth's February 11, 2010 Motion, the order was not a final and appealable post-judgment order under HRS §§ 641-1(a) and 571-54.

Accordingly, we lack appellate jurisdiction to review the points of error that Norman has asserted in appellate case number 30621.

Therefore,

IT IS HEREBY ORDERED that FOFs 11, 13, and 14, and COLs 6 and 9 of the July 24, 2009 Findings of Fact and Conclusions of Law; and section 4 of the May 12, 2009 Divorce Decree are vacated. The May 12, 2009 Divorce Decree is affirmed in all other respects as is the July 1, 2008 Order Denying Defendant's

---

[6] The Family Court subsequently entered two documents related to Elizabeth's February 11, 2010 Motion: (1) a July 27, 2010 Findings of Fact and Conclusions of Law and (2) the Third Interim Judgment. However, neither of these two documents finally determined or ended the post-judgment proceedings for all of the pending issues in Elizabeth's February 11, 2010 Motion.

Motion for Attorney's Fees and Costs Against William Rodsil, Esq. for Signing and Filing Plaintiff's Motion for Partial Summary Judgment Filed on November 30, 2007. This case is remanded for further proceedings not inconsistent with this opinion.

DATED: Honolulu, Hawaiʻi, October 19, 2012.

On the briefs:

Stephen T. Hioki
for Defendant-Appellant.

Paul K. Hamano
for Plaintiff-Appellee
in appeal no. 29897

Robert K. Allen and
William J. Rodsil
for Plaintiff-Appellee
in appeal no. 30621

Presiding Judge

Associate Judge

Associate Judge

8